UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PREPARED FOOD PHOTOS, INC.
f/k/a ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

      Plaintiff,                            Case No. 6:24-cv-02220-CEM-LHP

v.

ANDELORA INDUSTRIES, LLC
d/b/a DOGS R US,

      Defendant.
_____/
_____

**DEFENDANT ANDELORA INDUSTRIES, LLC d/b/a DOGS R US'S
RESPONSE TO ORDER TO SHOW CAUSE**
_____

      Defendant **ANDELORA INDUSTRIES, LLC d/b/a DOGS R US**, hereby responds to the Order to Show Cause dated January 24, 2025, Doc. 20, and states:

      1.    Defendant's failure to respond to the Court's Order to Show Cause and the Local Rules by failing to file a Notice of Pendency of Related Actions and Disclosure Statement on January 31, 2025, is a result of an inadvertent mistake by the undersigned counsel.

      2.    The undersigned failed to observe that a response to a Notice of Pendency of Related Actions and Disclosure Statement was due on January 24, 2025. *See* Doc. 7.  The undersigned counsel also inadvertently failed to file an

1

appearance and, thus, did not receive the Order to Show Cause requiring Defendant to file a Notice of Pendency of Related Actions and Disclosure Statement on or before January 31, 2025.  *See* Doc. 20.

3. However, the undersigned has subsequently filed an appearance and responded to the Order on behalf of the Defendant by filing a Notice of Pendency of Related Actions and Disclosure Statement on February 3, 2025.  *See* Docs. 21–23.

## MEMORANDUM OF LAW

4. The undersigned asserts that the failure to respond to the orders was excusable neglect, and not a willful or repeated act of non-compliance.  The Defendant respectfully submits that the error does not rise to the level of non-compliance that merits striking the Defendant's pleadings.  Under *Navarro v. Cohan*, 856 F.2d 141 (11th Cir. 1988) and *Opportunity Commission v. Troy State University,* 693 F.2d 1353 (11th Cir. 1982), the striking of pleadings is not merited unless there is a willful violation of the Court's Orders, or if there were repeated acts of non-compliance for which lesser sanctions would not suffice. Those cases support the premise that the Court's inherent power to impose sanctions must be exercised with restraint so that due process is protected.

5. The undersigned further submits that this incident is an isolated error and that there is no history of non-compliance with Court orders. Under

*Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989), this level of offense does not merit the imposition of monetary sanctions.

6. In light of the aforementioned circumstances and case law, the Defendant and the undersigned counsel respectfully request that the court refrain from issuing sanctions in this matter.

Dated: February 3, 2025

        Respectfully Submitted,

        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: */s/ Leia V. Leitner*
Leia V. Leitner, Esq.
Florida Bar No: 0105621
111 N. Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: 407-423-7287
Fax: 407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com
Attorneys for Defendant,
*Andelora Industries, LLC d/b/a Dogs R US*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this electronic filing to all counsel of record.

*/s/ Leia V. Leitner*

307695779v.1